**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

**HANNAH EVERETT, On Behalf of Herself and All Others Similarly Situated,**

***Plaintiff,***

**v.**

**ONE LIFESTYLE, LTD. d/b/a THE GOAT RESTAURANT AND BAR a/k/a THE GOAT, BILLY GOAT TAVERN, LTD., BILLY GOAT TAVERN NC, LLC, BILLY GOAT TAVERN SC, LLC, BILLY GOAT TAVERN TX, LLC, LIFESTYLE PROPERTY MANAGEMENT, LTD., and LIFESTYLE PROPERTY MANAGEMENT, LLC,**

***Defendants.***

**COLLECTIVE AND CLASS ACTION**

**CASE NO. ________________**

**JUDGE ____________________**

**JURY DEMAND**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1. Plaintiff Hannah Everett brings this action on behalf of herself and all other similarly situated current and former employees who work or worked for Defendants One Lifestyle Ltd. d/b/a The Goat Restaurant and Bar a/k/a The Goat, Billy Goat Tavern, Ltd., Billy Goat Tavern NC, LLC, Billy Goat Tavern SC, LLC, Billy Goat Tavern TX, LLC, Lifestyle Property Management, Ltd., and Lifestyle Property Management, LLC, (collectively, "Defendants") at any one or more of their The Goat Restaurant and Bar (also referred to herein as "The Goat") restaurants located in Ohio (*i.e.*, the New Albany, Riversouth, Gahanna, Hillard, and Dublin Ohio locations), North Carolina, South Carolina, and Texas.

2. Plaintiff individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq.*; and (b) a Rule 23 class action under Ohio state law, including the Ohio Minimum Fair

Wage Standards Act ("the Ohio Wage Act"), O.R.C. §§ 4111, *et seq.*, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, the Ohio Constitution, Oh. Const. Art. II, § 34a (collectively referred to herein as the "Ohio Wage Laws"), and the Ohio common law for unjust enrichment.

3. Plaintiff, individually and on behalf of all others similarly situated, seeks to recover unpaid minimum and overtime wages and unlawfully retained tips owed to Plaintiff and all other similarly situated workers employed by Defendants, as well as liquidated and other non-wage damages, attorneys' fees, and costs.

4. Defendants are all a part of the Lifestyle Communities (LC) company. Lifestyle Communities (LC) is a real estate developer that provides, for example, apartments and townhouses, along with service-oriented amenity offerings, which include, but are not limited to, The Goat Restaurant and Bar a/k/a The Goat. As of the date of the filing of this Complaint, Lifestyle Communities (LC) owns and operates 12 The Goat Restaurant and Bar locations across Ohio, Tennessee, North Carolina, South Carolina, and Texas.[1]

5. Defendants are employers within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07, and Ohio Wage Laws of employees, including Plaintiff, who work or worked at one or more of Defendants' The Goat Restaurant and Bar ("The Goat") locations in Ohio[2], North Carolina[3],

---

[1] *See* https://www.lcgoat.com/locations (last accessed on April 21, 2026).

[2] Within Ohio, Lifestyle Communities has The Goat Restaurant and Bar locations at 7148 Town Market Lane East, New Albany, Ohio 43054 (hereinafter the "The Goat New Albany"); 219 Southe High Street, Columbus, Ohio 43215 (hereinafter "The Goat Riversouth"); 6400 Preserve Crossing Boulevard, Columbus, Ohio 43230 (hereinafter "The Goat Gahanna"); 4265 Brooklands Drive, Hillard, Ohio 43026 (hereinafter "The Goat Hillard"); and 5730 Silver Falls Drive, Dublin, Ohio 43016 (hereinafter "The Goat Dublin").

[3] Within North Carolina, Lifestyle Communities has a The Goat Restaurant and Bar location at 5600 Primary Drive, Durham, North Carolina, 27703 (hereinafter "The Goat Brier Creek").

South Carolina[4], and/or Texas[5]. Plaintiff and others similarly situated worked as tipped employees at one or more of Defendants' The Goat locations in Ohio, North Carolina, South Carolina, and/or Texas. Defendants paid Plaintiff and those she seeks to represent a tipped hourly wage less than the statutory hourly minimum wage and less than the statutory hourly minimum overtime wage for hours worked over 40 in a workweek under the tip credit provisions of the FLSA and Ohio Wage Laws. These employees are referred to herein as "Tip Credit Employees."

6. Defendants failed to satisfy the requirements for utilizing the tip credit to meet their minimum-wage and overtime obligations to their Tip Credit Employees by: (1) failing to provide Tip Credit Employees with the required notice before taking the tip credit; (2) unlawfully keeping a portion of Tip Credit Employees' earned tips to offset Defendants' business expenses; (3) unlawfully keeping a portion of Tip Credit Employees' earned tips to share with members of management; and (4) requiring Tip Credit Employees to work dual jobs—one job that involves tipped work and another job that involves spending a substantial amount of time performing non-tipped work before and after serving customers and throughout their shift—all while being paid less than the statutory minimum wage. As a result of these violations, Defendants are not permitted to rely on the "tip credit" to satisfy their minimum wage and overtime obligations under the FLSA and Ohio Wage Laws and therefore has failed to pay the required statutory minimum wage and overtime wage. Plaintiff and those she seeks to represent are therefore entitled to recover the applicable statutory hourly minimum wage for all regular hours worked in a workweek (and applicable statutory hourly minimum overtime wage for hours worked over 40 in a workweek),

[4] Within South Carolina, Lifestyle Communities has a The Goat Restaurant and Bar location at 2949 Ingleside Boulevard, Suite 110, North Charleston, South Carolina 29420 (hereinafter "The Goat Ingleside").

[5] Within Texas, Lifestyle Communities has a The Goat Restaurant and Bar location at 18612 Pfluger Farm Lane, Pflugerville, Texas 78660 (hereinafter "The Goat Pflugerville").

unlawfully retained tips, liquidated and other non-monetary damages, and all attorneys' fees and costs.

7. Plaintiff asserts all of the above-mentioned FLSA claims as a collective action, on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b).

8. Plaintiff asserts all of the above-mentioned Ohio Wage Laws and unjust enrichment claims as a class action, on behalf of herself and all others who fit the definition of the Rule 23 Class (as defined below), pursuant to Fed. R. Civ. P. 23.

## I. JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiff's claims under the FLSA because they are brought pursuant to 29 U.S.C. § 216(b) and raise a federal question pursuant to 28 U.S.C. § 1331.

10. This Court has jurisdiction of Plaintiff's supplemental state law claims pursuant to 28 U.S.C. § 1367.

11. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## II. PARTIES

12. Plaintiff Hannah Everett is over the age of nineteen (19) and is a resident of Columbus, Franklin County, Ohio. Plaintiff Everett worked for Defendants as a bartender and server at Defendants' The Goat Riversouth location in Columbus, Ohio from approximately May 10, 2025, to approximately March 26, 2026. Throughout Plaintiff's employment with Defendants, Plaintiff also picked up shifts at Defendants' The Goat New Albany and The Goat Gahanna locations in Ohio. As both a bartender and server, Plaintiff Everett was paid a sub-minimum tipped hourly wage, plus customer tips (*i.e.*, Plaintiff was a Tip Credit Employee).

13. Plaintiff brings this action on behalf of herself, and all similarly situated current and former employees who worked as Tip Credit Employees for Defendants at any of their The Goat locations in Ohio, North Carolina, South Carolina, and/or Texas.

14. Defendant One Lifestyle Ltd. is a manager-managed Ohio limited liability company with both its principal office address and mailing address at 230 West Street, Suite 200, Columbus, Ohio 43215.

15. Upon information and belief, Defendant Billy Goat Tavern, Ltd. is company with both its principal office address and mailing address at 230 West Street, Suite 200, Columbus, Ohio 43215.

16. Upon information and belief, Defendant Billy Goat Tavern NC, LLC is a limited liability company with both its principal office address and mailing address at 230 West Street, Suite 200, Columbus, Ohio 43215.

17. Upon information and belief, Defendant Billy Goat Tavern SC, LLC is a limited liability company with both its principal office address and mailing address at 230 West Street, Suite 200, Columbus, Ohio 43215.

18. Upon information and belief, Defendant Billy Goat Tavern TX, LLC is a limited liability company with both its principal office address and mailing address at 230 West Street, Suite 200, Columbus, Ohio 43215.

19. Defendant Lifestyle Property Management, Ltd. is a company with both its principal office address and mailing address at 230 West Street, Suite 200, Columbus, Ohio 43215.

20. Defendant Lifestyle Property Management, LLC, is a manager-managed Ohio limited liability company with both its principal office address and mailing address at 230 West Street, Suite 200, Columbus, Ohio 43215.

21. Defendants share a principal office address at 230 West Street, Suite 200, Columbus, Ohio 43215.

22. Upon information and belief, Defendants One Lifestyle Ltd. d/b/a The Goat Restaurant and Bar a/k/a The Goat, Billy Goat Tavern, Ltd., Billy Goat Tavern NC, LLC, Billy Goat Tavern SC, LLC, Billy Goat Tavern TX, LLC, Lifestyle Property Management, Ltd., and Lifestyle Property Management, LLC, and other entities, such as Billy Goat Tavern TN, LLC, make up the Lifestyle Communities company.

23. Lifestyle Communities has a website at https://lifestylecommunities.com/.

24. The Lifestyle Communities website[6] identifies The Goat Restaurant and Bar as one of its service-oriented amenity offerings.

25. The Lifestyle Communities website[7] identifies The Goat Restaurant and Bar as one of its "family of brands."

26. The Lifestyle Communities website[8] has a webpage dedicated to The Goat Restaurant and Bar. This webpage allows users to navigate directly to a The Goat specific website[9].

27. All of The Goat Restaurant and Bar properties are Lifestyle Communities properties.

28. In sum, together all Defendants act as a single business enterprise that owns, operates, oversees, manages, and profits, from The Goat Restaurant and Bar locations.

29. At all relevant times, Defendants have been regularly engaged in interstate

---

6 *See* https://lifestylecommunities.com/about-us/our-story/#:~:text=Lifestyle%20Communities%20is%20a%20best,cost%20of%20over%20%243%20billion.

7 *See* https://lifestylecommunities.com/family-of-brands/.

8 *See* https://lifestylecommunities.com/family-of-brands/the-goat/.

9 *See* https://www.lcgoat.com/.

commerce and/or the production of goods for interstate commerce.

30. At all relevant times, Defendants have been employers within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07, and within the meaning of the Ohio Wage Laws, including but not limited to O.R.C. §§ 4111.03(D) and 4111.14(B), Oh. Const. Art. II, § 34a, and § 4113.15(D).

31. At all relevant times, Defendants have been employers of Plaintiff and those she seeks to represent within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07, and within the meaning of the Ohio Wage Laws, including but not limited to O.R.C. §§ 4111.03(D) and 4111.14(B), Oh. Const. Art. II, § 34a, and § 4113.15(D).

## III. FACTS

32. Plaintiff and similarly situated employees are current and former employees of Defendants at one or more of their The Goat Restaurant and Bar ("the Goat") locations, who earned less than the applicable statutory minimum wage rates per hour and received customer tips, and for whom Defendants took a tip credit for (herein referred to as "Tip Credit Employees"). Examples of Tip Credit Employees include bartenders and servers.

33. Defendants paid Plaintiff and other Tip Credit Employees an hourly wage below the applicable statutory minimum wage rates per hour, plus customer tips.

34. Defendants purport to utilize a tip credit for each hour worked by Plaintiff and other Tip Credit Employees to comply with their minimum and overtime wage obligations under the FLSA and the Ohio Wage Laws.

35. Because Defendants take a tip credit under the FLSA and Ohio Wage Laws for its Tip Credit Employees, Defendants must meet all statutory requirements for counting a portion of tips received by their employees as satisfying the applicable statutory minimum wage.

36. Defendants do not meet these statutory requirements for claiming a tip credit

towards the minimum wage.

37. One way Defendants failed to meet the statutory requirements for claiming a tip credit toward the minimum wage is that Defendants did not provide adequate notice to inform Plaintiffs and other Tip Credit Employees of the tip credit provisions of 29 U.S.C. § 203(m)(2) or the fact that Defendants would rely on those provisions to satisfy their minimum wage and overtime obligations to Plaintiffs and other Tip Credit Employees prior to taking the tip credit.

38. Another way Defendants failed to meet the statutory requirements for claiming a tip credit toward the minimum wage is that Defendants kept a portion of tips earned by Plaintiff and other Tip Credit Employees by requiring them to share a portion of the tips they received from customers with management employees.

39. Defendants also unlawfully retained a portion of the tips Plaintiff and other Tip Credit Employees received from customers. Specifically, Defendants retained $1 of its Tip Credit Employees' customer tips for each direct deposit transaction when paying employees through a direct deposit software called "Kickfin."

40. Defendants required Plaintiff and other Tip Credit Employees to use the Kickfin software to receive tips.

41. Thus, Plaintiff and other Tip Credit Employees could not avoid a portion of their tips being kept by their employer.

42. Section 3(m)(2)(B) of the FLSA states that "[a]n employer may not keep tips received by their employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips . . . ."

43. Where there is an invalid tip-sharing arrangement, an employer may not utilize the tip credit.

44. Another way Defendants failed to meet the statutory requirements for claiming a tip credit toward the minimum wage is that Defendants required Plaintiff and other Tip Credit Employees to work jobs in both tipped occupations and non-serving, non-tipped occupations while being paid an hourly wage below the applicable minimum wage. Examples of the type of substantial, non-serving, non-tipped work Tip Credit Employees performed include stocking and janitorial work.

45. At the beginning of their shifts, and prior to serving customers, and at the end of their shifts, after serving customers, Tip Credit Employees routinely spent several minutes performing substantial non-serving, non-tipped work, including for example:

a. Plaintiff, like other Tip Credit employees, typically spent at least thirty (30) minutes before the restaurant was open to customers—meaning when no customers were present in the restaurant or being served—performing work that was either wholly unrelated or not directly related to serving customers, for example, janitorial work and stocking work, while being paid at a tipped hourly rate of less than the applicable statutory minimum wage. During this time, Plaintiff was employed in a non-serving, non-tipped occupation and Defendants may not utilize the tip credit.

b. Plaintiff, like other Tip Credit Employees, typically spent at least forty-five (45) minutes after serving her last customer performing work that was either wholly unrelated or not directly related to serving customers, for example, more janitorial and stocking work, while being paid at a tipped hourly rate of less than the applicable statutory minimum wage. During this time, Plaintiff was employed in a non-tipped occupation, and Defendants may not utilize the tip

credit to pay Plaintiff for this time worked in this job.

46. Plaintiff, like other Tip Credit Employees, also spent significant time performing non-serving, non-tipped work throughout their scheduled shifts, during the time periods when customers were present in the respective restaurant.

47. Plaintiff has worked over forty (40) hours in at least one workweek.

48. Plaintiff complained to one of Defendants' General Managers at The Goat Rivernorth, Ohio location, about how she was being paid. For example, Plaintiff complained about Defendants not telling her how much of her earned customer tips were being shared amongst other employees, despite Plaintiff asking for this information). Plaintiff also complained to her manager about having to share some of her earned customer tips with employees who were paid at or above the applicable statutory minimum wage.

49. Defendants knew or should have known that its compensation practices and / or policies for Tip Credit Employees violate the FLSA and Ohio Wage Laws.

50. Employees who have worked at The Goat restaurant and bar locations in Tennessee have brought similar claims under the FLSA against some of the Defendants in this action, on behalf of Tipped Employees who worked at the Tennessee locations. *See Kelley v. One Lifestyle, Ltd d/b/a The Goat Restaurant and Bar a/k/a The Goat et al.*, Case No. 3:26-cv-00080 (M.D. Tenn. Jan. 22, 2026) (Doc. No. 1).

## IV. COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff asserts her FLSA claims as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and all of the following similarly situated individuals who join this action by filing a consent form:

> All current and former Tip Credit Employees (as defined herein) of Defendants' who worked at a The Goat Restaurant and Bar location,

> except for those located in Tennessee, at any time since April 23, 2023.

(hereinafter "Potential Opt-In Plaintiffs").

52. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and the Potential Opt-In Plaintiffs she seeks to represent, as defined directly above, worked pursuant to the common pay policies and / or practices described herein. Accordingly, Plaintiff and Potential Opt-In Plaintiffs are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and associated decisional law.

53. Plaintiff also asserts her wage claims under Ohio Wage Laws on behalf of the Potential Opt-In Plaintiffs who consent in writing to participate in this case as collective claims, in the alternative to the class action claims under these provisions brought on behalf of the Rule 23 Class.

## V. CLASS ACTION ALLEGATIONS

54. Plaintiff brings her Ohio Wage Laws and unjust enrichment claims against Defendants on her own behalf and, pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals:

> All current and former Tip Credit Employees (as defined herein) of Defendants' who worked at a The Goat Restaurant and Bar in Ohio at any time since April 23, 2023.

(the "Rule 23 Class").

55. Plaintiff is a member of the Rule 23 Class she seeks to represent.

56. Defendants have employed dozens of individuals as Tip Credit Employees at The Goat Ohio restaurants (*i.e.*, The Goat New Albany, The Goat Riversouth, The Goat Gahanna, The Goat Hillard, and The Goat Dublin). Thus, the proposed Rule 23 Class is sufficiently numerous

that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

57. Plaintiff and the members of the Rule 23 Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). For example, Plaintiff and the members of the Rule 23 Class she seeks to represent are subject to the same compensation and tip policies. As a result, the Rule 23 Class shares several factual and legal questions, including, for example: (1) whether Defendants properly informed Tip Credit Employees of the tip-credit provisions of the Ohio Wage Laws; (2) whether the sharing of Tip Credit Employees' customer tips with management employees violated the tip-credit provisions of the Ohio Wage Laws; (3) whether Defendants were unjustly enriched by, for example, keeping a portion of their Tip Credit Employees' customer tips; and (4) whether Tip Credit Employees performed substantial non-tip-producing work that equated to them working a dual job that should have been paid at the applicable statutory hourly minimum wage, as opposed to paid at the sub-minimum tipped hourly wage.

58. Plaintiff's claims are typical of the claims of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(3). Defendants' violation of the minimum wage, overtime wage, and other requirements of the Ohio Wage Laws and common law of unjust enrichment is not the result of any Plaintiff-specific circumstances. Rather, it arises from Defendants' common pay policies and practices, which Defendants applied generally to all their Tip Credit Employees, including Plaintiff. Thus, in advancing her own claims, Plaintiff will also be advancing the claims of the Rule 23 Class.

59. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiff's interests are shared with the Rule 23 Class, and Plaintiff has no interests that conflict with those of the Rule 23 Class. Further, Plaintiff has

retained competent counsel who are experienced in representing classes of employees against their employers related to their employer's failure to pay them properly under the law.

60. By failing to pay all Tip Credit Employees all required minimum and overtime wages and tips pursuant to their common pay practices and policies, Defendants have created a scenario where questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiff is entitled to pursue her claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## VI. CAUSES OF ACTION

### COUNT I: VIOLATIONS OF THE FLSA'S MINIMUM AND OVERTIME WAGE REQUIREMENTS

61. All previous paragraphs are incorporated as though fully set forth herein.

62. Plaintiff asserts this claim on behalf of herself and all similarly situated employees who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

63. At all times material to the allegations herein, Plaintiff and all similarly situated employees were employees of Defendants and entitled to the FLSA's protections.

64. Defendants are employers covered by the FLSA.

65. The FLSA requires employees to be paid for all time worked.

66. The FLSA entitles employees to a minimum hourly wage of $7.25 per hour for every hour worked. *See* 29 U.S.C. § 206(a).

67. The FLSA entitles employees to a minimum tipped hourly wage of $2.13 per hour for every hour worked. *See* 29 U.S.C. § 203(m)(2)(A)(i).

68. The FLSA entitles employees to an overtime rate "not less than one and one-half

times" their regular rate of pay for hours worked over forty (40) hours in a workweek. *See* 29 U.S.C. § 207.

69. While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m) and 203(t).

70. Here, by failing to provide Plaintiff and other Tip Credit Employees with the required notice before taking the tip credit, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime obligations to Plaintiff and all similarly situated employees.

71. The FLSA prohibits employers from keeping tips received by employees for any purpose, including, for example, allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit. 29 U.S.C. § 203(m).

72. Employers may not take a tip credit if they violate the prohibition against unlawfully retaining any portion of their employees' tips. *E.g.*, 29 U.S.C. § 203(m)(2); 29 C.F.R. §§ 531.54, 531.59.

73. Here, by unlawfully keeping tips and permitting members of management to keep tips earned by Plaintiffs and other Tip Credit Employees, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime obligations to Plaintiff and all similarly situated employees.

74. Also, employers may only take a tip credit for employees in an occupation in which the employee is qualified as a "tipped employee." 29 U.S.C. § 203(m).

75. While employers may utilize a tip credit to satisfy their minimum wage obligations to tipped employees, employers may not utilize a tip credit to satisfy their minimum wage

obligations to employees working in non-tipped occupations. *See* 29 C.F.R. § 531.56(e).

76. Defendants failed to pay Plaintiff and the other Tip Credit Employees she seeks to represent the lawful minimum wage for the time they spent working in a non-serving, non-tipped occupation, as set forth above.

77. Here, by requiring Plaintiff and other Tip Credit Employees to spend substantial amounts of time performing non-tip-producing work (as alleged herein), all while being paid at a tipped hourly rate of less than $7.25 per hour, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime obligations to Plaintiff and all similarly situated employees.

78. As such, Defendants have violated the FLSA by failing to pay Plaintiff and all similarly situated employees for all time worked at $7.25 per hour and for hours over 40 in a workweek at $10.88 per hour.

79. Plaintiff and all similarly situated employees are entitled to recover all unpaid minimum and overtime wages, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

80. Defendants' violations of the FLSA were willful because Defendants knew or should have known that their pay policies and/or practices violate clearly applicable FLSA provisions, as alleged above.

**COUNT II:**
**UNLAWFULLY RETAINED TIPS UNDER THE FLSA**

81. All previous paragraphs are incorporated as though fully set forth herein.

82. Plaintiff asserts this claim on behalf of herself and all similarly situated employees who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

83. At all times material to the allegations herein, Plaintiff and all similarly situated

employees were employees of Defendants and entitled to the FLSA's protections.

84. Defendants are employers covered by the FLSA.

85. Under the FLSA, "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips." 29 U.S.C. §§ 203(m)(2)(B). This is true "regardless of whether or not the employer takes a tip credit." *Id.*

86. Department of Labor regulations concerning tip-sharing arrangements (or "tip pooling") provides that an "employer may require an employee for whom the employer takes a tip credit to contribute tips to a tip pool only if it is limited to employees who customarily and regularly receive tips" and that the "employer may not retain any of the employees' tips for any other purpose." *See* 29 C.F.R. § 531.54(c).

87. Defendants unlawfully retained a portion of tips earned by Plaintiff and all similarly situated employees by keeping a portion of Tip Credit Employees' tips for each direct-deposit transaction using Defendants' direct deposit software for tips, "Kickfin," and by requiring Tip Credit Employees to share a portion of their customer tips with management employees.

88. Plaintiff and all similarly situated employees are entitled to recover these unlawfully retained tips, an equal amount of liquidated damages, and attorneys' fees and expenses, pursuant to 29 U.S.C. § 216(b).

89. Defendants' violations of the FLSA were willful because Defendants knew or should have known that their pay policies and/or practices violate clearly applicable FLSA provisions, as alleged above.

**COUNT III:**
**VIOLATION OF THE OHIO CONSTITUTION, ARTICLE II, SECTION 34a**

90. All previous paragraphs are incorporated as though fully set forth herein.

91. Plaintiff asserts this claim on behalf of herself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

92. In the alternative, Plaintiff asserts this claim on behalf of herself and the Potential Plaintiffs who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

93. Plaintiff, the Potential Opt-In Plaintiffs, and the Rule 23 Class are employees within the meaning of O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a protected by the mandates of the Ohio Constitution.

94. Defendants are employers within the meaning of O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a required to comply with the mandates of the Ohio Constitution.

95. Article II, Section 34a of the Ohio Constitution and O.R.C. § 4111.02 entitle employees to a minimum hourly wage that increases each year (2026 – $11.00 per hour; 2025 – $10.70; 2024 – $10.45 per hour; 2023 – $10.10 per hour; 2022 – $9.30 per hour).

96. Article II, Section 34a of the Ohio Constitution permits employers to utilize a "tip credit" to satisfy their minimum wage obligations to tipped employees.

97. In order to utilize the tip credit, an employer must comply with the requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

98. Here, by failing to provide Plaintiff and other Tip Credit Employees with the required notice before taking the tip credit, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime obligations to Plaintiff and all similarly situated employees.

99. Also, employers may only take a tip credit for employees in an occupation in which the employee is qualified as a "tipped employee." 29 U.S.C. § 203(m).

100. While employers may utilize a tip credit to satisfy their minimum wage obligations

to tipped employees, employers may not utilize a tip credit to satisfy their minimum wage obligations to employees working in non-tipped occupations. *See* 29 C.F.R. § 531.56(e).

101. Defendants failed to pay Plaintiff and the other Tip Credit Employees she seeks to represent the lawful minimum wage for the time they spent working in a non-serving, non-tipped occupation, as set forth above.

102. Here, by requiring Plaintiff and other Tip Credit Employees to spend substantial amounts of time performing non-tip-producing work (as alleged herein), all while being paid at a tipped hourly rate of less than the applicable minimum hourly wage, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime obligations to Plaintiff and all similarly situated employees.

103. Section 203(m) of the FLSA also prohibits an employer from keeping customer tips received by its employees for any purpose, including, for example, allowing managers or supervisors to keep any portion of employees' tips. *See* 29 U.S.C. §§ 203(m)(2)(B). This is true "regardless of whether or not the employer takes a tip credit." *Id.*

104. Here, Defendants unlawfully retained a portion of tips earned by Plaintiff and all similarly situated employees by keeping a portion of Tip Credit Employees' tips for each direct-deposit transaction using Defendants' direct deposit software for tips, "Kickfin," and by requiring Tip Credit Employees to share a portion of their customer tips with management employees.

105. As a result, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum and overtime wage obligations for Plaintiff, the Potential Opt-In Plaintiffs, and the Rule 23 Class.

106. As such, Defendants have violated O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a by paying Plaintiff, the Potential Plaintiffs, and the Rule 23 Class an hourly wage below the

required minimum wage.

107. In violating O.R.C. § 4111.14(B) and Oh. Const. Art. II, § 34a, Defendants have acted willfully and with reckless disregard of clearly applicable provisions of the Ohio Wage Laws.

**COUNT IV:**
**VIOLATION OF THE OHIO PROMPT PAYMENT ACT ("OPPA")**

108. All previous paragraphs are incorporated as though fully set forth herein.

109. Plaintiff asserts her claim on behalf of herself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

110. In the alternative, Plaintiff asserts this claims on behalf of herself and the Potential Opt-In Plaintiffs who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

111. Plaintiff, the Potential Opt-In Plaintiffs, and the Rule 23 Class are employees entitled to the OPPA's protections and not otherwise exempt.

112. Defendants are employers required to comply with the mandates of the OPPA. O.R.C. § 4113.15.

113. The OPPA required that employers pay all employees all wages owed, on or before the first day of each month for all wages earned by them during the first half of the preceding month ending with the fifteenth day thereof and on or before the fifteenth day of each month for all wages earned by them during the last half of the preceding calendar month. O.R.C. § 4113.15(A).

114. Defendants have failed to compensate Plaintiff, the Potential Opt-In Plaintiffs, and the Rule 23 Class fully and properly for all hours worked at the required minimum wage.

115. As a result, Defendants have not paid Plaintiff, the Potential Opt-In Plaintiffs, and the Rule 23 Class all wages earned within thirty days of performing the work. O.R.C. § 4113.15(B).

116. The earned minimum wages of Plaintiff, the Potential Opt-In Plaintiffs, and the

Rule 23 Class remain unpaid for more than thirty days beyond their regularly scheduled paydays.

117. In violating the OPPA, Defendants have acted willfully and with reckless disregard of clearly applicable provisions of the Ohio Wage Laws.

**COUNT V:**
**UNJUST ENRICHMENT UNDER OHIO LAW**

118. All previous paragraphs are incorporated as though fully set forth herein.

119. Plaintiff asserts this claim on behalf of himself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

120. In the alternative, Plaintiff asserts this claim on behalf of himself and the Potential Opt-In Plaintiffs who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

121. Plaintiff, the Potential Opt-In Plaintiffs, and the Rule 23 Class are Tip Credit Employees (for example, servers and bartenders) paid an hourly rate less than the applicable federal and Ohio minimum wage plus tips they earn from customers.

122. Defendants use a portion of the customer tips earned by Plaintiff, the Potential Opt-In Plaintiffs, and the Rule 23 Class to compensate management employees.

123. Defendants also keep a portion of the customer tips earned by Plaintiff, the Potential Opt-In Plaintiffs, and the Rule 23 Class to pay for business expenses, like Defendants' direct deposit software called "Kickfin."

124. Plaintiff, the Potential Opt-In Plaintiffs, and the Rule 23 Class earn these customer tips and are entitled to keep them, except for any lawful tip-pooling or tip-sharing arrangement.

125. Instead, Defendants use these customer tips to defray their labor and business costs.

126. As a result, Defendants are unjustly enriched at the expense of Plaintiff, the Potential Opt-In Plaintiffs, and the Rule 23 Class in the amount of the customer tips Defendants unlawfully keeps and uses to pay management employees and Kickfin.

127. It is against equity and good conscience to permit Defendants to benefit from these customer tips.

128. Thus, Defendants should be required to reimburse Plaintiff, the Potential Opt-In Plaintiffs, and the Rule 23 Class in the amount of these tips.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An order permitting Plaintiff and her counsel to send prompt notice of this FLSA lawsuit, pursuant to 29 U.S.C. § 216(b), to all similarly situated employees;

C. A finding that Defendants have violated the FLSA and the Ohio Wage Laws and have been unjustly enriched under Ohio law;

D. A finding that Defendants' violations of the FLSA and Ohio Wage Laws are and were willful and not in good faith;

E. A judgment against Defendants and in favor of the Plaintiff, the Potential Opt-In Plaintiffs, and the Rule 23 Class for compensation for all unpaid and underpaid wages Defendants have failed and refused to pay in violation of the FLSA and the Ohio Wage Laws;

F. A judgement against Defendants and in favor of the Plaintiff, the Potential Opt-In Plaintiffs, and the Rule 23 Class for all earned customer tips kept by Defendants and by which Defendants were unjustly enriched;

G. Prejudgment and post-judgment interest to the fullest extent permitted under the law;

H. Liquidated damages, treble damages, and monetary penalties to the fullest extent permitted under the FLSA and the Ohio Wage Laws;

I. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA, the Ohio Wage Laws, and the Federal Rules of Civil Procedure; and,

J. Such other and further relief as this Court deems just and proper.

**VIII. JURY DEMAND**

Plaintiff demands a jury as to all claims so triable.

Date: April 23, 2026,

Respectfully submitted,

/s/ Robert E. DeRose
**ROBERT E. DEROSE** (OH Bar No. 0055214)
BARKAN MEIZLISH DEROSE COX, LLP
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
bderose@barkanmeizlish.com

**DAVID W. GARRISON (No. 24968)***
**JOSHUA A. FRANK (No. 33294)***
**NICOLE A. CHANIN (No. 40239)***
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

* Motion for *Pro Hac Vice* Forthcoming

*Attorneys for Plaintiffs*